**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                    BKY No. 21-31539 KAC
                                                                          Chapter 11 Case

Local Motion MN, LLC,

       Debtor.

---

                                                           Adv. No.: 22-_____

Local Motion MN, LLC,

       Plaintiff,

                                                  **ADVERSARY COMPLAINT**

vs.

Gary Smith and Jeannie Smith,

       Defendants.

---

Local Motion MN, LLC, **("Plaintiff"**) Debtor in Possession in the above entitled chapter 11 bankruptcy case (the "Case") by and through its undersigned attorneys, hereby files this adversary complaint (the "Complaint") to avoid and recover preferential transfers made by the Plaintiff to or for the benefit of the Defendants Gary Smith and Jeannie Smith (collectively "**Defendants**") pursuant to Sections 547, 548, and 550 of title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code") and for related relief, and in support thereof alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1.     On September 10, 2021, the Plaintiff filed a voluntary Petition for Relief (the "Petition Date") pursuant to Chapter 11, Small Business Reorganization Act of 2019 ("SBRA") Subchapter V of the Bankruptcy Code.  Plaintiff is operating as a debtor-in-possession and has the same rights as a trustee under the Bankruptcy Code.

2.      In this adversary proceeding, which is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001 and sections 547, 548, and 550 of the Bankruptcy Code, Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property to insiders of the Plaintiff that occurred during the twelve (12) month period prior to the commencement of the Petition Date pursuant to sections 547 and 550 of the Bankruptcy Code and during the two (2) year period pursuant to section 548 of the Bankruptcy Code.

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b).

4.      The statutory basis for the relief requested in this Complaint are Sections 547, 548, and 550 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5.      Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      Plaintiff consents to final orders or judgment of this Court.

**PARTIES**

7.      Plaintiff is the Debtor in Possession is a limited liability company with its personal place of business at 2500 Walnut Street, Suite 200, Roseville, Minnesota 55113.

8.      Defendants are a married couple and creditors of the Plaintiff who reside at 2935 Autumn Woods, Chaska, Minnesota 55318.

**GENERAL ALLEGATIONS**

9.      Defendants are an insider of the Debtor under 11 U.S.C. § 101(31).

10.     Defendants lent money to the Plaintiff and Plaintiff periodically made payments to Defendants to pay back the amounts that had been borrowed.

11.     During the two (2) years before the Petition Date, the period of time between September 10, 2019 and September 10, 2021 (the "Transfer Period"), the Plaintiff operated its business, which included Plaintiff's transfer of property by check, wire transfer, ACH transfer, or otherwise to various entities.

12.     During the Transfer Period the Plaintiff made the following payments to Defendants:

| 9/4/2019 | $   950.00 |
|---|---|
| 9/20/2019 | $ 5,846.37 |
| 10/22/2019 | $ 5,846.37 |
| 11/22/2019 | $ 5,846.37 |
| 12/26/2019 | $ 7,696.37 |
| 2/14/2020 | $ 2,000.00 |
| 3/31/2020 | $ 7,696.37 |
| 4/29/2020 | $ 7,696.37 |
| 5/18/2020 | $ 7,696.37 |
| 6/19/2020 | $ 7,696.37 |
| 7/15/2020 | $ 7,696.37 |
| 8/20/2020 | $ 7,696.37 |
| 4/28/2021 | $ 5,000.00 |
| 5/28/2021 | $ 8,500.00 |
| 7/1/2021 | $15,000.00 |
| 8/4/2021 | $12,500.00 |

13.     Plaintiff has completed an analysis of its relevant financial records and seeks to avoid all the transfers of an interest in Plaintiff's property made by the Plaintiff to Defendants within the Transfer Period.

14.     Plaintiff had determined that it made transfers of an interest in the Plaintiff's property to or for the benefit of Defendants during the Transfer Period through payments aggregating in an amount of not less than $115,363.70 (the "Transfer" or "Transfers").

## COUNT I
### (Preference Under 11 U.S.C. §547)

15.     The Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint.

16.     During the year prior to the commencement of this Chapter 11 case, Defendants, insiders of the Debtor, received the Prepetition Transfers from Debtor.

17.     At the time of the Prepetition Transfers, Defendants were a creditor of the Debtor.

18.     The Prepetition Transfers were transfers of Debtor's interest in property.

19.     The Prepetition Transfers were for, or on account of, an antecedent debt owed by Debtor to Defendants.

20.     Debtor was insolvent at the time of the Prepetition Transfers or is presumed to have been insolvent.

21.     The Prepetition Transfers enabled Defendants to recover more than they would receive as a creditor in a Chapter 7 case.

22.     Pursuant to 11 U.S.C. § 547(b), the Prepetition Transfers are avoidable.

23.     Pursuant to 11 U.S.C. § 550(a), the Trustee (or debtor-in-possession) may recover from Defendants the Prepetition Transfers together with interest.

## COUNT II
### (Fraudulent Transfers – 11 U.S.C. § 548 (a)(1)(B))

24.     Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint.

25.     The Transfers occurred within two years of the Petition Date.

26.     The Transfers are a transfer of an interest in property of the Debtor, which constitutes a transfer of the Debtor's property pursuant to 11 U.S.C. § 101(54).

27. The Transfers occurred at a time when the Debtor was insolvent, or the Transfers rendered the Debtor insolvent.

28. The Debtor received no value in exchange for the Transfers to the Defendant, or the consideration was less than reasonably equivalent value.

29. The Defendant knew or should have known of the Debtor's insolvency or pending insolvency based on the sporadic nature of the payments and varying amounts.

30. The Transfers are avoidable as fraudulent transfers pursuant to 11 U.S.C. § 548 (a)(1)(B).

31. The Plaintiff is entitled to judgment against Defendant in the amount of $115,363.70 for the recovery of the avoided transfers pursuant to 11 U.S.C. § 550.

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

32. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint.

33. Plaintiff is entitled to avoid the Transfer in the amount of $115,363.70 pursuant to 11 U.S.C. § 547(b) (the "Avoidable Transfers").

34. Defendants were the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transfers or the person for whose benefit the Avoidable Transfers were made.

35. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendants the Avoidable Transfers, plus interest thereon to the date of payment and the cost of this action.

**WHEREFORE**, the Plaintiff requests that this Court enter judgment against Defendants as follows:

1. Avoiding and recovering the Avoidable Transfer pursuant to 11 U.S.C. §§ 547, 548, and 550;

2.      Awarding judgment against the Defendants in the amount of $115,363.70 pursuant to 11 U.S.C. § 550, plus such other amounts as may be proven at trial, including without limitation, prejudgment interest at the maximum legal rate and to the fullest extent allowed by applicable law together with costs of this action; and

3.      Awarding such other relief as the Court deems just and equitable.

**The Plaintiff consents to having the bankruptcy court entry final orders and judgments in this case.**

Dated: April 7, 2022

/e/  John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)

*Counsel to the Debtor*