**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                      BKY No. 21-31539 KAC

                                                                      Chapter 11 Case

Local Motion MN, LLC,

              Debtor.

_____

**NOTICE OF HEARING AND MOTION TO APPROVE**
**SETTLEMENT AGREEMENT WITH PAN YUE**

_____

TO:    ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL
         RULE 9013-3:

1.       Local Motion MN, LLC (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2.       The court will hold an interim hearing on this motion on **Thursday, December 1, 2022 at 10:00 a.m.**, in Courtroom 8 West of the United States Courthouse at 300 South Fourth Street, Minneapolis, MN 55415 (or via remote hearing due to the pandemic), before Katherine A. Constantine, United States Bankruptcy Judge.

3.       Any response to the request for order authorizing settlement must be delivered or mailed **not later than Friday, November 25, 2022,** which is five days before the time set for hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.       This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 11 case was filed on September 10, 2021 (the "Petition Date").

5.      The relief sought in this motion is based on 11 U.S.C. § 363, Bankruptcy

Rules 9019, 9013 and 9014, and Local Rules 9019-1, 9013-1 to 9013-3.

6.      By court order on March 30, 2022 the Bankruptcy Court confirmed the

Debtor's 2nd Modified Plan of Reorganization under Subchapter V of the Chapter 11 (the

"Plan").

7.      Pursuant to the Plan, the Debtor retained all causes of action under Chapter 5

of Title 11 of the United States Code (11 U.S.C. § 101 *et. seq.*).

8.      On April 25, 2022, the Debtor commenced Adversary No. 22-03006 (the

"Adversary Proceeding") to avoid and recover preferential transfers made by the Debtor to or

for the benefit of the Defendant David Seeley (hereinafter the "Defendant") pursuant to

Sections 547, 548, and 550 of title 11 of Chapter 11 of the United States Code (the

"Bankruptcy Code").  Mainly, the Debtor paid Defendant's mortgage payment in the two

years prior to the Petition Date in the amount of $33,000 ("Preference Payments").   The

Debtor alleges it is entitled to obtain these payment back from Defendant.

9.      Defendant has asserted various defenses to these claims.  The parties engaged

in settlement discussions and came to a successful resolution that was fair and equitable.  The

settlement avoided additional time, cost, and uncertainty of further litigation.

10.      The Debtor seeks Bankruptcy Court approval of the Settlement Agreement

attached hereto as **Exhibit A** on the grounds that it is in the best interest of the Debtor, its

creditors, and all other interested parties.

**SETTLEMENT AGREEMENT**

11.      The parties entered into a Settlement Agreement memorializing in writing the

terms of the settlement.[1]

12.     Pursuant to the terms of the Settlement Agreement, the parties have stipulated and agreed that Defendant will waive his $42,000 wage claim against the Debtor, and the Debtor will waive its $33,000 Preference Payments claim against the Defendant.  Essentially, both parties will walk away and take nothing from each other. The waiving of this claim is beneficial to the Debtor and its estate as it no longer needs to pay the wage claim and potential interest and penalties, and no longer has to incur professional fees to pursue this litigation.

### RELIEF REQUESTED

13.     The Debtor requests that the Court approve the Settlement Agreement pursuant to Bankruptcy Rule 9019. In the Debtor's business judgment, the Settlement Agreement is in the best interests of the Debtor, its creditors, and other stakeholders.

14.     Pursuant to Local Rule 9013-2(a), this Motion is verified and is accompanied by a memorandum, proposed order, and proof of service.

15.     Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Mitch Rittenhouse, the Debtor's CFO to testify regarding the facts relevant to this Motion. Mr. Rittenhouse's business address is 2500 Walnut Street, Suite 200, Roseville, Minnesota 55113.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order approving the Settlement Agreement.

Dated: November 4, 2022

/e/  John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128

---

[1] The general description of the terms of the Settlement Agreement in this Motion is provided for convenience only. To the extent there is any inconsistency between the summary set forth in this Motion and the Settlement Agreement, the latter governs in all respects.

Telephone: 651-209-3550 / 651-789-2179 (f)

*Counsel to the Debtor*

## VERIFICATION

I, Mitchell Rittenhouse, am the Chief Executive Officer of Local Motion MN, LLC. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Motion to Approve Settlement Agreement with Defendant David Seeley are true and correct, according to the best of my knowledge, information, and belief.

Dated: November 4, 2022

_____
Mitch Rittenhouse, CFO

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

_____

In re:                                                          BKY No. 21-31539 KAC

                                                                       Chapter 11 Case

Local Motion MN, LLC,

                Debtor.

_____

**MEMORANDUM OF LAW IN SUPPORT OF SETTLEMENT AGREEMENT**
_____

Local Motion MN, LLC ("Debtor") submits this Memorandum of Law in support of its

Motion to Approve Settlement Agreement ("Motion).[2]

**ARGUMENT**

**THE COURT SHOULD APPROVE THE SETTLEMENT
AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019.**

Compromise is favored by the law as a normal part of the reorganization process.  *In re*

*Trism, Inc.*, 282 B.R. 662, 666 (B.A.P. 8th Cir. 2002).  The Bankruptcy Rules provide that, "[o]n

motion by the trustee and after notice and a hearing, the Court may approve a compromise or

settlement."  Fed. R. Bankr. P. 9019(a).  "A decision to approve or disapprove a proposed

settlement under Bankruptcy Rule 9019 is within the discretion of the bankruptcy judge."  *In re*

*Trism, Inc.*, 282 B.R. at 666 (citing *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1135-

36 (8th Cir. 1984)).  Bankruptcy Rule 9019 vests a bankruptcy court with "broad authority to

approve or disapprove all compromises and settlements affecting the bankruptcy estate."  *In re*

*Bates*, 211 B.R. 338, 343 (Bankr. D. Minn. 1997).

---

[2] The supporting facts are set forth in the verified Motion. All capitalized terms have the meaning ascribed to them in the Motion.

In exercising its discretion, a court should consider the following factors:

(1) The probability of success in litigation;

(2) The difficulties, if any, to be encountered in the matter of collection;

(3) The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending to it; [and]

(4) The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d at 1135-36 (citing *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929), and *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968)).

A fifth factor was later added:

(5) Whether the conclusion of the litigation promotes the integrity of the judicial system.

*In re Bates*, 211 B.R. at 343; *see also In re Farmland Indus., Inc.*, 289 B.R. 122 (B.A.P. 8th Cir. 2003) (suggesting that compromise should further the goals of bankruptcy – fairness, finality, integrity, and maximization of assets).

After consideration of these factors, a court can determine whether a settlement is "fair and equitable" and in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. at 424; *In re Trism, Inc.*, 282 B.R. at 668. A court's function is not to ensure that the proposed settlement is the best possible settlement obtainable; rather, a court must determine only whether the settlement falls below the lowest point on the range of reasonableness. *In re Hanson Indus., Inc.*, 88 B.R. 942, 945 (Bankr. D. Minn. 1988).

Here, the facts justify the approval of the Settlement Agreement.  The first three factors strongly support approval of the agreement. The litigation required to reach a determination on

whether the Debtor has a valid preference claim, which is disputed by Defendant, would be fact intensive with no guarantee that the Debtor would be successful.  Consequently, if the Debtor was required to engage in litigation and ultimately a trial, it is unclear if the Debtor would reach an outcome more favorable than the outcome made possible in the Settlement Agreement. Moreover, if the Debtor was forced to litigate, it would incur substantial expenses.   Thus, entry into the Settlement Agreement negates the need for any such litigation and its attendant drain on the Debtor's resources.

The fourth factor, a consideration of the interests of the creditors, also weighs in favor of approval of the Settlement Agreement.  All of the Debtor's creditors and other stakeholders benefit by the Settlement Agreement.   The agreement was reached without great expense associated with litigating through trial the claim, defenses, and possible counter-claims. Thus, entry into the Settlement Agreement clearly benefits the Debtor, creditors, and other stakeholders as the Debtor can remain focused on its core business.

Finally, the fifth factor also weighs in favor of approval of the Settlement Agreement because approval of the Settlement Agreement promotes the integrity of the judicial system.  The Settlement Agreement is the result of an arms-length negotiations between the Debtor and Defendant through their respective Counsel. Further, the Settlement Agreement produces a result for the Debtor that may be more favorable than the result that would be achieved if the Debtor was forced to expend resources to litigate these issues.  Thus, the Settlement Agreement provides a positive result to the Debtor, its creditors, and other stakeholders without the cost and uncertainty of litigation and should be approved.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order

approving the Settlement Agreement.


Dated: November 4, 2022                    /e/  John D. Lamey III
                                                John D. Lamey III, Esq. (#312009)
                                                **LAMEY LAW FIRM, P.A.**
                                                980 Inwood Avenue North
                                                Oakdale, MN 55128
                                                Telephone: 651-209-3550 / 651-789-2179 (f)

                                                *Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                      BKY No. 21-31539 KAC
                                                                   Chapter 11 Case

Local Motion MN, LLC,

            Debtor.                                 # EXHIBIT A

---

                                                      Adv. No.: 22-03006

Local Motion MN, LLC,

            Plaintiff,

vs.

David Seeley,

            Defendant.

---

**SETTLEMENT AGREEMENT BETWEEN LOCAL MOTION MN, LLC,**
**THE DEBTOR IN POSSESSION (THE "DEBTOR")**
**AND DAVID SEELEY (THE "DEFENDANT")**

---

WHEREAS, on September 10, 2021, Local Motion MN, LLC ("Debtor") commenced a Chapter 11 bankruptcy case pursuant to Chapter 11, Small Business Reorganization Act of 2019 ("SBRA") Subchapter V of the Bankruptcy Code.  Plaintiff is operating as a debtor-in-possession and has the same rights as a trustee under the Bankruptcy Code.

WHEREAS, David Seeley is a creditor of the Debtor, and David Seeley estimates he is owed $42,000 in back wages;

WHEREAS, Debtor commenced this adversary proceeding on April 25, 2022, bearing case number 22-3006 (the "Adversary Proceeding") to avoid and recover transfers made by the Debtor to or for the benefit of the Defendant David Seeley ("Defendant") pursuant to Sections 547, 548, and 550 of title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, Defendant had his home mortgage paid by the Debtor in the amount of $33,000.00, as detailed in the adversary complaint, under the premise this was reimbursement for a home office expense (the "Transfer" or "Transfers");

NOW, THEREFORE, subject to Bankruptcy Court approval the parties hereto agree to settle the Debtor's claims to avoid the Prepetition Transfers on the following terms (the "Agreement"):

1. <u>Release of Unsecured Claim</u>.   The Defendant agrees to release the Debtor and its estate from liability on his unpaid wage claim in the amount of $42,000.00 (the "Release of Claim") as consideration for the release provided by the Debtor herein.  Effectively, the Release of Claim excludes Defendant from having to repay the estate $33,000, and in turn, the Debtor and its estate does not have to pay the Defendant $42,000 in back wages.  Essentially, both parties are walking away with no payment from either side.

2. <u>Release of Claims by Debtor.</u>  Upon Bankruptcy Court approval of this Agreement, the Debtor agrees to and hereby releases any and all claims against the Defendant related to this Adversary Proceeding, and agrees to dismiss the above-captioned adversary proceeding.

3. <u>Release of Claims by Defendants.</u>  Upon Bankruptcy Court approval of this Agreement, the Defendant agrees to release the Debtor from any wage loss claim owed to him as of the date of this Agreement.

4. <u>Bankruptcy Court Approval</u>.  In the event that this Agreement is not approved by the Bankruptcy Court, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties hereto, and upon entry of an order denying approval of the settlement the Debtor will return to the Defendant any portion of the Settlement Payment it has received.

5. <u>Complete Agreement</u>.  This Agreement constitutes the whole and complete agreement between the parties.  No modifications of the terms of this Agreement shall be effective unless made in writing and signed by the party against whom such modification should run.  This agreement supersedes all prior Agreements and understandings between the parties.

6. <u>Choice of Law</u>.  This Agreement shall be governed and interpreted in accordance with the laws of the State of Minnesota without reference to principles of conflicts of law except to the extent that Federal Bankruptcy law preempts Minnesota State law.

7. <u>Counterparts</u>.  This Agreement may be executed in counterparts but shall be construed as if signed in one document.

8. <u>Representations</u>. Each party hereto covenants and warrants that they have carefully read the foregoing Agreement and the contents thereof, that they are duly authorized to execute this Agreement and that they have signed the same of their own free act and deed, having been advised by counsel as to the provisions contained herein. The Debtor represents and warrants that it has not assigned or transferred any claim against the Defendant prior to the date of this Agreement.

9. <u>Legal Advice</u>. Each party received independent legal advice from its attorneys with

2

respect to the advisability of making this settlement provided for herein and with respect to the advisability of making the Agreement.

10.     Drafting. The parties to this Agreement have jointly participated in the drafting of this Agreement and therefore if there should be any dispute as to the meaning of any part of this Agreement, the parties hereto agree that all of the parties hereto shall be considered to have drafted such language so that the court does not construe or interpret the language against any of the parties hereto.

11.     No Duress. Each party acknowledges that such party has read this Agreement and understands the contents hereof.

12.     Further Cooperation. Each party shall execute all further additional documents which are reasonably necessary to carry out the provisions of this Agreement.

13.     Binding Effect. This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective assigns, heirs and successors-in-interest.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly signed.

SAPIENTIA LAW GROUP

Dated: November 1, 2022

By: /e/ Kenneth C. Edstrom
Kenneth C. Edstrom (148696)
120 South Sixth Street, Suite 100
Minneapolis, MN 55402
*Attorneys for David Seeley*

LAMEY LAW FIRM, P.A.

Dated: November 1, 2022

By: /e/ John D. Lamey III
John D. Lamey III, Esq. (0312009)
980 Inwood Ave. N.
Oakdale, MN 55128
*Attorney for Local Motion MN, LLC*

Dated: November 3 , 2022

By: *David Seeley*
David Seeley, Individually

Dated: November 4 , 2022

By:
Mitchel Rittenhouse, CFO of the Debtor

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

BKY No. 21-31539 KAC

Chapter 11 Case

Local Motion MN, LLC,

Debtor.

**ORDER APPROVING SETTLEMENT AGREEMENT**

This matter came before the Court on the Debtor's Motion to Approve Settlement

Agreement with Defendant David Seeley.  Appearances are noted on the record.  Based on the

arguments of counsel and the documents of record, and the court being fully advised with

respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1.  The Settlement Agreement between the Debtor and Defendant David Seeley attached
    to the motion as Exhibit A is approved, and the parties are authorized to perform
    according to the terms thereof.

2.  The Bankruptcy Court retains jurisdiction with respect to all matters arising from or
    related to the implementation and enforcement of the Settlement Agreement.

Dated:

_____
Katherine A. Constantine
United States Bankruptcy Judge