**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

Case No. 21-31539 KAC

In re:

LOCAL MOTION MN, LLC.,

Debtor.

**EXPEDITED NOTICE OF HEARING ON MOTION TO CONVERT CASE TO CHAPTER 7**

**TO:   ALL INTEREST PARTIES SPECIFIED IN LOCAL RULE 9013-3.**

1.      The Debtor, Local Motion MN, LLC, by its undersigned attorney, moves the Court for the relief requested below and gives notice of hearing.

2.      The court will hold a hearing on this motion before the Honorable Katherine A. Constantine, Chief U.S. Bankruptcy Judge, at **10:30 a.m. on Wednesday, March 22, 2023** in Courtroom 8 West, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3.      Due to the expedited nature of this motion, any response to this motion must be filed and delivered not later two (2) hours before the scheduled time of the hearing above.   **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, FED. R. BANKR. P. 5005 and Local Rule 1070-1. Venue issues are also controlled by 28 U.S.C.§1408, §1409 and §1412.  This matter constitutes a core proceeding.

5.   This motion arises under 11 U. S. C. §1112(b) and FED. R. BANKR. P. 1017 and 2002. This motion is filed under FED. R. BANKR. P. 9014 and Local Rules 9013-1 through 9013-3. The Debtor requests that this case be converted to chapter 7 as the confirmed plan is failing.

**FACTS**

6.      The voluntary petition commencing this case was filed on September 10, 2021, and the case is now pending before the court. The debtor elected to be treated under Subchapter V of chapter 11 (11 U.S.C. §1181, *et. seq.*), and Steven B. Nosek was appointed as Subchapter V trustee.

7.      The Debtor remains a debtor in possession under sections 1106 and 1107 of the Bankruptcy Code.  The Debtor is a Delaware limited liability company operating in Minnesota and they provide moving services and storage services for customers.

8.      An individual, David Seeley who held an ownership interest of the Debtor, participated in various acts which were meant to sabotage the Debtor, such that the Debtor was forced to bring two adversaries and subsequently motions for injunctions against Mr. Seeley to stop him from interfering with the business of the Debtor.  Those actions continue to this date unabated, and include but are not limited to operating a separate business under the Debtor's name, purchasing moving business leads for a business with same name as the Debtor, having conversations with potential customers that the Debtor is a 'franchise' of his company, and operating a commercial web site with the same name as the Debtor.

9.      The first adversary and injunction were settled between the parties, however, Mr. Seeley ignored the terms of the settlement and continued his destructive actions, causing a second adversary and injunction to be filed which resulted in an order by this court enjoining him from further acts to disrupt the Debtor's business.[1]  Unfortunately, by this time, it was too late.  The damage to the Debtor's business had been done and it has been unable to recover.  The decline in the Debtor's revenue has been substantial and the Debtor has been unable to preform under the terms of its confirmed plan.  Expedited relief is appropriate as each additional day that the Debtor

---

[1] A more detailed account of Mr. Seeley's actions can be found in the Adversary Complaints and Motions for Injunctions on the dockets of Case Nos. 22-03018 and 22-03037.

remains in chapter 11 delays creditors from possibly seeking alternative remedies.

## **MOTION TO CONVERT**

10.  Pursuant to 11 U.S.C. §1112(b), the Court may dismiss or convert a chapter 11 case for cause after notice and a hearing.   Section 1112(b) applies in subchapter V cases because it is not excluded from that subchapter. See 11 U.S.C. §1181(a).

11.  Section 1112(b)(4) states that cause for dismissal or conversion to chapter 7 includes, among other things:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B) gross mismanagement of the estate;
(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E) failure to comply with an order of the court;
(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to this case under this chapter;
(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H) failure to timely provide information or attend meetings reasonably requested by the United States Trustee…
(I) failure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court;
(K) failure to pay any fees or charges required under Chapter 123 of title 28;
(L) revocation of an order of confirmation under section 1144;
(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;
(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
(P) failure of the debtor to pay any domestic support obligations that first becomes due and payable after the date of the filing of the petition.

12.   Cause exists to immediately convert the case to chapter 7.   The debtor has no prospects of a meaningful reorganization under chapter 11 and any further delay would cause the estate to incur unnecessary losses in the form of operating expenses.   The continuing and ongoing

losses to the estate, coupled with an inability to achieve any sort of meaningful reorganization, constitutes case for immediate conversion under §1112(b)(1)(A). Moreover, modification of the confirmed plan is unrealistic due to a lack of revenue.

13. Upon conversion of the case, a chapter 7 trustee can make a distribution of the remaining estate funds in due course. Conversion to chapter 7 is a better alternative than dismissal. The creditors are entitled to the accountability that a conversion to chapter 7 would provide.

14. Conversely, dismissal of the case is a wholly inappropriate alternative since it would not ensure an efficient liquidation. Conversion would ensure the funds remaining would go to the creditors. For these reasons, the Debtor believes the court should reject dismissal as an option in this case.

**CONCLUSION**

15. Based on the record before the court, cause exists to immediately convert this case to chapter 7. The debtor cannot recover from the actions to sabotage it by Mr. Seeley and does not have enough revenue coming in to successfully reorganize. Based on the foregoing, the court should convert the case to chapter 7.

WHEREFORE, the Debtor moves the Court for an order converting this case. Accordingly, the court should immediately enter an order converting the case to a case under chapter 7.

**LAMEY LAW FIRM, P.A.**

Dated: March 17, 2023

By: _____
Elaine D.W. Wise (#0387871)
John D. Lamey, III (#0312009)
980 Inwood Avenue North
Oakdale, MN 55128
651-209-3550
*Attorneys for Debtor*

**VERIFICATION**

I, Mitchel Rittenhouse, Manager of Local Motion MN, LLC, hereby verify, under penalty of perjury, that I have read the foregoing Motion to Convert the case to Chapter 7, I know the contents thereof, and the facts contained therein are true and correct to the best of my knowledge, information, and belief.

Dated: March 17, 2023

Mitchel Rittenhouse, Managing Member

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

Case No. 21-31539 KAC

In re:

LOCAL MOTION MN, LLC.,

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 7**

Debtor.

CONVERSION TO CHAPTER 7

A proceeding to dismiss a case or convert a case to another chapter is governed by 11 U.S.C. §1112 and FED R. BANKR. P. 9014.   A request for dismissal or conversion of a case shall be made by motion.   A motion to dismiss or a motion to convert a case shall be deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate.   Local. R. Bankr. P. 1017-2.    A case may be converted to a Chapter 7 case if the debtor may be a debtor under Chapter 7.  11 U.S.C. §1112(f).

Under 11 U.S.C. §1112(b), the specific requirements for the conversion or dismissal of a chapter 11 case are set forth. That section provides:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that

> (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title,

or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) -

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

. . .

(4) for purposes of this subsection, the term "cause" includes:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to this case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 under the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure to timely provide information or attend meetings reasonably requested by the United States Trustee…

(I) failure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under Chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligations that first becomes due and payable after the date of the filing of the petition.

11 U.S.C. §1112(b).

Cause for conversion or dismissal is not limited to the reasons expressed in §1112(b), (e).

11 U.S.C. 102(3); Moody v. Security Pac. Business Credit, Inc., 85 B.R. 319, 352-53 (W.D. Pa. 1988).

In this case, cause exists to immediately convert the case to chapter 7.  Due to the actions of a former owner David Seeley, the Debtor's business operations and subsequent lack of revenue were irrevocably damaged, and the Debtor has been unable to recover. The debtor has no prospects of a meaningful reorganization under chapter 11 and any further delay would cause the estate to incur unnecessary losses in the form of operating expenses.   Insurance on the business assets has lapsed.   The continuing and ongoing losses to the estate, coupled with an inability to achieve any sort of meaningful reorganization, constitutes case for immediate conversion under §1112(b)(1)(A).

If the Debtor remains under chapter 11, the losses to the bankruptcy estate will continue to accrue in the form of administrative expenses, including attorney fees, and getting further behind with the landlord, taxing authorities, and vendors.  These expenses will be incurred at a time when the debtor no longer has revenue to support the expenses, let alone to support the daily operating expenses of the business.

"The purpose of §1112(b)(1) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation."   Loop v. U.S. Trustee, 379 F.3d 511, 515 (8th Cir 2004), citing In re Lizeric Realty Corp, 188 B.R. 499, 503 (Bankr. S.D. N.Y 1995). Any delay in dismissal or conversion is simply gambling with the creditors' funds, a result which cannot be countenanced by the court. There are no factual disputes which would mitigate the cause established for immediate conversion and accordingly, conversion is imperative.  Based on the foregoing, cause exists to immediately convert the case to a case under chapter 7.

WHEREFORE, the Debtor submits this memorandum in support of its motion seeking conversion of this bankruptcy case to a case under chapter 7.

**LAMEY LAW FIRM, P.A.**

Dated: March 17, 2023                    By: _____

Elaine D.W. Wise (#0387871)
John D. Lamey, III (#0312009)
980 Inwood Avenue North
Oakdale, MN 55128
651-209-3550
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

Case No. 21-31539 KAC

In re:

LOCAL MOTION MN, LLC.,                                              **ORDER**

      Debtor.

The above-entitled chapter 11 case came before the court on the motion of the Debtor

seeking an order converting the cases to chapter 7.   John D. Lamey, III appeared on behalf of

the Debtor.   Other appearances, if any, were as noted in the record.

Based upon the motion filed by the Debtor, any findings of the court on the record, and

all the files, records and proceedings herein, it is hereby ORDERED:

The chapter 11 case of Local Motion MN, LLC is converted to a case under chapter 7.

Dated:_____        _____

         Katherine A. Constantine
         Chief United States Bankruptcy Judge